Lawrence Newmark, J.
The defendant is charged with violating subdivision (1) of section 309 of the Conservation Law, in that it is alleged that he was engaging in the interstate commerce of .shellfish without the appropriate permit.
*621 This matter has been submitted on an agreed statement of facts. The defendant admits the factual portion of the information laid before this court; to wit: that he had in his possession approximately 140 bushels of surf clams and was loading these onto a truck when a conservation officer asked him to produce his permit. It is also admitted that the defendant was under contract with Harbor Shellfish, a licensed shipper-dealer from Rhode Island, upon whose truck the defendant was loading the clams at the time of the alleged violation.
The defendant, while admitting ¡that he was loading these clams onto a truck on the dock with Rhode Island license plates, contends that he is only a fisherman and not a “ shipper ” as that term is used in .subdivision (1) of section 309.
Subdivision (4) of section 307 of the Conservation Law in proscribing the dealings of those holding permits to dig clams, states that: ‘ ‘ The holder of such permit shall not ship or sell shellfish except to a holder of a valid Class A, D, or Gr .shipper’s permit who has a place of business in the township or borough in which such shellfish were harvested, without first obtaining a shipper’s permit as provided in subdivision (1) of Section 309.”
While the defendant claims that he obtained the shellfish outside this state’s territorial waters, this would not be a defense to a violation of subdivision (1) of section 309. However, it is a defense to a violation of subdivision (4) of section 307, in that a permit is needed only where the shellfish are taken from underwater lands in the State (§ 307, ,subd. [1]).
In addition to the common-sense English definition, it would appear that the Legislature intended to cover fishermen under subdivision (4) of section 307 by requiring them to obtain a shipper’s permit when they ship or sell shellfish to anyone except a few exempted individuals. In view of this analysis, the court must draw the conclusion that subdivision (1) of section 309 deals only with shippers and dealers and not with fishermen.
Therefore, the defendant is found not guilty of violating subdivision (1) of section 309 of the Conservation Law.